IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78905-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NICOLE RENE JONES, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 21, 2020 |
| | ) | |

ANDRUS, J. — Nicole Jones challenges her conviction for possession of a controlled substance, contending her search and seizure were unlawful. We affirm Jones's conviction but remand for the court to strike the interest imposed on her legal financial obligations.[1]

## FACTS

In June 2016, at around 6:30 pm, Officer Justin Gann of the Lynnwood Police Department found Jones parked in front of a closed bank, asleep or passed out in the driver's seat of her car with the window down. Officer Gann ran the vehicle's license plate, which came back clear. Because of the time of day and the fact that the bank was closed, Officer Gann decided to check on Jones. As he

---

[1] The State concedes that as of June 7, 2018, RCW 10.82.090(1) bars interest on nonrestitution legal financial obligations.

walked up to the car, he called out to her, trying to wake her up. Jones did not stir until he raised his voice to a yell and tapped on the vehicle. Officer Gann asked Jones if she was okay, and she said she was fine.

Officer Gann noticed Jones's open purse in the passenger seat next to her, and he saw inside her purse an unlabeled pill bottle containing different kinds of pills. He did not observe any signs of intoxication or paraphernalia consistent with drug use. Jones was wearing sunglasses, which Officer Gann asked her to take off. When she did, Officer Gann testified that her pupils were "very constricted, so very—just very, very small," "like a pinpoint," which indicated to him that Jones was under the influence.

At that point, Officer Gann asked Jones for identification. During testimony, he could not remember if Jones verbally identified herself or if she handed him her driver's license. Jones testified that she handed him her identification, and he went back to his patrol car with it to check her information through dispatch, which confirmed no outstanding arrest warrants.

Officer Gann then asked Jones what was in the bottle, and she told him it was her blood pressure medication and birth control pills. Because the bottle was unlabeled and contained different kinds of pills, Officer Gann asked Jones if he could see the pill bottle, and she willingly handed it to him without hesitation.

Officer Gann identified the pills in the bottle as methylphenidate, more commonly known as Ritalin. Initially, Jones told him it was an old medication that she had not thrown away yet. When Jones admitted she did not have a

prescription for the methylphenidate, Officer Gann arrested her.[2] Jones asked Officer Gann to bring her wallet. Once at Lynnwood Jail, Officer Gann searched her wallet and found a small plastic baggy containing methamphetamine.

The State charged Jones with one count of possession of a controlled substance—specifically, methamphetamine and methylphenidate. Jones moved to suppress any evidence of the pills the officer found in the pill bottle or the methamphetamine found in her wallet after her arrest. The court denied the motion, concluding that although Jones was seized when Officer Gann asked her to take off her sunglasses, Officer Gann already had a reasonable, articulable suspicion that Jones was using or in possession of an illegal drug because he had seen the unlabeled pill bottle with various pills inside. It concluded Jones's seizure was lawful, and the evidence obtained as a result of the seizure was admissible.

Following a stipulated bench trial, the trial court found Jones guilty as charged, sentencing her to 30 days in county jail—which it converted to 240 hours of community restitution to be completed in 11 months—and 12 months of community custody. Her sentence also included a $500 victim penalty assessment legal financial obligation, which bore "interest from the date of the judgment until payment in full at the rate applicable to civil judgments." Jones appeals.

ANALYSIS

Jones contends the trial court erred in denying her CrR 3.6 motion to suppress evidence. The Fourth Amendment to the United States Constitution and

---

[2] Methylphenidate is a schedule II controlled substance, RCW 69.50.206(d)(4), which may be lawfully possessed only with a prescription, RCW 69.50.4013.

article 1, section 7 of the Washington State Constitution prohibit an unreasonable search and seizure without a warrant, unless one of the few exceptions to the warrant requirement applies. State v. Rankin, 151 Wn.2d 689, 695, 92 P.3d 202 (2004). If the defendant establishes that a seizure occurred, the State bears the burden of showing, by clear and convincing evidence, the seizure falls within one of the "jealously and carefully drawn exceptions" to the warrant requirement, such as a Terry[3] detention. State v. Duncan, 146 Wn.2d 166, 171-72, 43 P.3d 513 (2002). A Terry stop is permissible whenever an officer has "a reasonable, articulable suspicion, based on specific, objective facts" that the person detained has been or is about to be involved in criminal activity. Id. at 172. Because Jones has not assigned error to any of the trial court's findings of fact, our review focuses on a de novo determination of whether the trial court derived proper conclusions of law from those findings. State v. Armenta, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997).

Jones argues her seizure was unlawful because Officer Gann did not have a reasonable, articulable suspicion of criminal activity when he asked her to remove her sunglasses. But the State contends that Officer Gann's request did not rise to a seizure under article I, section 7 of the Washington Constitution. We agree with the State.

Jones bears the burden of establishing a seizure under article I, section 7 of the Washington Constitution. State v. Harrington, 167 Wn.2d 656, 664, 222 P.3d 92 (2009). A seizure under article I, section 7 occurs only when an

---

[3] Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

individual's freedom of movement is restrained and the individual would not believe that she is free to leave, or decline a request, due to an officer's use of physical force or display of authority. State v. O'Neill, 148 Wn.2d 564, 574, 62 P.3d 489 (2003). This determination is made by looking objectively at the actions of the law enforcement officer. State v. Mote, 129 Wn. App. 276, 283, 120 P.3d 596 (2005). The relevant question is whether a reasonable person in the individual's position would feel he or she was being detained. O'Neill, 148 Wn.2d at 581. "'[T]he "reasonable person" test presupposes an innocent person.'" State v. Butler, 2 Wn. App. 2d 549, 556, 411 P.3d 393 (2018) (alterations in original) (quoting Florida v. Bostick, 501 U.S. 429, 438, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991)).

> Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. In the absence of some such evidence, otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person.

United States v. Mendenhall, 446 U.S. 544, 554-55, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980) (citations omitted); see also State v. Young, 135 Wn.2d 498, 512, 957 P.2d 681 (1998); Butler, 2 Wn. App. 2d at 558.

Officer Gann's request that Jones remove her sunglasses cannot be analogized to the circumstances referenced in Mendenhall. Officer Gann was the only officer present. And while Officer Gann testified that he was armed with his gun when he approached Jones's vehicle, he did not display it. Nor did he touch Jones. Furthermore, the trial court found that the "encounter was generally

casual," a finding Jones does not challenge. We conclude based on this record that Jones failed to establish that she was seized when Officer Gann asked her to take off her sunglasses.

Jones also argues that she was unlawfully seized when Officer Gann took her driver's license back to his patrol car to check for warrants. We disagree with this argument as well.

The trial court found that Officer Gann seized Jones when he took her driver's license back to his patrol car. We agree, under State v. Thomas, 91 Wn. App. 195, 200-01, 955 P.2d 420 (1998), "[o]nce an officer retains the suspect's identification or driver's license and takes it with him to conduct a warrants check, a seizure within the meaning of the Fourth Amendment has occurred." But the State established the seizure was lawful because Officer Gann had a reasonable, articulable suspicion Jones was using or in possession of illegal drugs.

Based on the trial court's unchallenged findings, Officer Gann—motivated by a welfare check—approached Jones's vehicle, parked in the lot of a closed bank in daylight hours, because she appeared to be asleep or passed out. Even though the window was down, Officer Gann had to raise his voice and tap on the vehicle to rouse Jones. In her open purse next to her, he saw an unlabeled bottle, containing different kinds of pills. Possession of the bottle of pills with no label could be a criminal violation under RCW 18.64.246 and RCW 69.50.309—statutes making it illegal to remove labels of a controlled substance or to store a controlled substance in a container other than the one originally provided. He then asked Jones to remove her sunglasses. Based on these facts, we agree with the trial

court that "[w]hen the officer made the request for removal of the sunglasses, he already had a reasonable and articulable suspicion that this person may be using or possessing a controlled substance[]." When Jones took off her sunglasses, Officer Gann saw her "pupils were extremely small, 'like a pinpoint,'" leading him to believe she was under the influence. It was only at that point that Officer Gann asked Jones for her identification and took it back to his patrol car to check for warrants. We conclude Jones was not unlawfully seized, and the trial court did not err by denying Jones's CrR 3.6 motion to suppress.[4]

We affirm Jones's conviction. We remand, however, for the court to strike the interest imposed on her legal financial obligations.

WE CONCUR:

_Andrus, J._

_Smith, J._                    _Dwyer, J._

___

[4] We reject Jones's argument that her consent to search the pill bottle was obtained through exploiting her illegal seizure. The trial court specifically found that Jones "voluntarily consented to the handing over and search of the pill bottle." Furthermore, it found, "There is nothing in the record that is inconsistent with this being a voluntary consent on [Jones's] part." These unchallenged findings support the trial court's decision to deny Jones's motion to suppress.